UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Dewitt McGaha, # 155836, <br> *aka Marshall D. McGaha, Jr.*, <br><br>                   Plaintiff, <br><br> vs. <br><br> Sgt. Baily; <br> Lt. Gross; <br> Jim Doriety, *Directory*; <br> Scott Bodiford, *Administrator*; <br> Lottie Gibson, *City Counsel*, <br><br>                   Defendants. | C/A No. 6:11-1477-RMG-KFM <br><br> **Report and Recommendation** |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. Plaintiff has brought suit against two officers at the Greenville County Detention Center, the County Administrator for Greenville County, the Administrator of the Greenville County Detention Center, and a member of Greenville "City Counsel." Lottie Gibson is actually a member of Greenville *County* Council. In the Complaint, Plaintiff complains about the lack of access to a law library and legal materials, the lack of internet access for prisoners, and the monitoring of prisoner telephone calls.

## *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even when considered under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff's claims relating to the absence of a law library at the Greenville County Detention Center are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.*

Plaintiff has not alleged a specific injury from his lack of access to legal materials at the Greenville County Detention Center. *See id.* (prisoner must show specific

injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail".  In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials.  *Cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); and *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

This federal court may take judicial notice of factual information located in postings on governmental websites in the United States.  *See Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).  The Public Index for the Greenville County Clerk of Court Office (http://www.greenvillecounty.org/scjd/publicindex/SCJDPublicIndex) indicates that, in Plaintiff's pending criminal case, *State v. McGaha*, Plaintiff is facing two charges of first-degree criminal conduct with a minor under the age of eleven years (Indictment Nos. 2010-GS-23-7404 and 2010-GS-23-7406), two charges of lewd act on a minor under the age of sixteen years (Indictment Nos. 2010-GS-23-7403 and 2010-GS-23-7405), and one charge of unlawful neglect of a helpless person (Indictment No. 2010-GS-23-7402).  The Public Index reveals that Thomas Hoskinson, Esq., and Christopher Scalzo, Esq., of the Greenville County Public Defender's Office are counsel of record for Plaintiff in his criminal case.

Since Plaintiff is represented by counsel in his pending criminal case, he has no need for a law library. *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 544, 448 n. 2 (D.S.C. 2008) ("Furthermore, to the extent Plaintiff is saying his lack of access to legal materials is related to the criminal matter for which he has been incarcerated, this claim fails as a matter of law, as the state is only required to provide criminal defendants legal counsel, not legal research materials.")(citation omitted). Moreover, under longstanding South Carolina case law, Plaintiff cannot file *pro se* motions (other than a motion to relieve counsel) in his pending criminal case. *State v. Stuckey*, 508 S.E.2d 564 (S.C. 1998).

Plaintiff's lack of access to the legal materials on the internet is not a constitutional violation. *Holloway v. Magness*, No. 5:07CV00088 JLH-BD, 2011 WL 204891, at *7 (E.D. Ark. Jan. 21, 2011) (First Amendment does not require "that the government provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation.").

Plaintiff's implicit reliance on minimum standards for detention facilities is misplaced because violations of recommended standards do not establish a constitutional violation. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 n.3 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 350 n.13 (1981) (recommendations by such organizations "may be helpful and relevant with respect to some questions, but 'they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question.'"); and *Bell v. Wolfish*, 441 U.S. 520, 544 n.27 (1979).

4

The monitoring of prisoner phone calls by the Greenville County Detention Center is not a constitutional violation. *Martinez v. Pettiford*, C.A. No. 8:07-1646-RBH-BHH, 2008 WL 867888 (D.S.C. March 24, 2008) (upholding federal prisoner's disciplinary proceeding where prisoner circumvented monitoring of inmate phone system by use of a three-way call). *Cf. Rivera-Lind v. Pettiford*, C.A. No. 8:05-3333-GRA-BHH, 2006 WL 2919069 (D.S.C. Oct. 10, 2006), which concerned a prisoner disciplinary conviction for possession of a cellular telephone:

> Further, the DHO explained her reasons for finding a cellular telephone is a hazardous tool. She stated "possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls. These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity." (Resp. Mem. Supp. Summ J. Ex. 6.) The DHO adequately explained her reasons for finding the cellular telephone is a hazardous tool. *See Reid v. Adams*, 2006 WL 1966997 (E.D.Va. 2006).

*Rivera-Lind v. Pettiford*, 2006 WL 2919069 at *3 n. 6.

As earlier stated, Plaintiff lists Lottie Gibson as "City Counsel[.]" She is actually a member of Greenville *County* Council. As a result, she has legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); *and Tenney v. Brandhove*, 341 U.S. 367 (1951). *Cf. South Carolina Education Association v. Campbell*, 883 F.2d 1251 (4th Cir. 1989).

5

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

June 27, 2011  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).