UNITED STATES DISTRICT COURT      RECEIVED
DISTRICT OF SOUTH CAROLINA USDC. CLERK CHARLESTON. SC

2011 JUL -7  A 11: 38

| | |
|---|---|
| Marshall DeWitt McGaha, #155836, ) <br> a.k.a. Marshall D. McGaha, Jr., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Sgt. Baily; ) <br> Lt. Gross; ) <br> Jim Doriety, *Directory*; ) <br> Scott Bodiford, *Administrator*; ) <br> Lottie Gibson, *City Counsel*, ) <br> Defendants. ) <br> _____) | C/A No. 6:11-1477-RMG <br><br> **ORDER** |

This matter is before the court in Plaintiff's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation. On June 27, 2011, the Magistrate Judge issued a Report recommending that the above-captioned case be dismissed *without prejudice* and without service of process. (Dkt. No. 9). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff has objected. As explained herein, this Court conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff's Complaint focuses on the lack of access to a law library and legal materials, the lack of internet access for prisoners, and the monitoring of prisoner telephone calls.

Plaintiff is not denied of any constitutional right of access to courts on account of the absence of a law library at the Greenville County Detention Center. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). County jails are generally short-term facilities, wherein "the brevity of confinement does not permit sufficient time for petition to courts." *Id.* Further, Plaintiff has not alleged a specific injury from his lack of access to legal materials at the Greenville County Detention Center. *See id.* (prisoner must show specific injury or actual harm from absence of law library when the prisoner was "housed only temporarily in a local jail".) Namely, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials. *Cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); *and Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has

suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Moreover, this federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See Williams v. Long*, 585 F. Supp. 2d 69, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). After consulting the website for the Public Index for the Greenville County Clerk of Court, the Public Index reveals that Thomas Hoskinson, Esq., and Christopher Scalzo, Esq., of the Greenville County Public Defender's Office are counsel of record for Plaintiff in his pending criminal case, *State v. McGaha*. Thus, since Plaintiff is represented by counsel in his pending criminal case, he has no need for a law library. *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 448 n.2 (D.S.C. 2008) ("Furthermore, to the extent Plaintiff is saying his lack of access to legal materials is related to the criminal matter for which he has been incarcerated, this claim fails as a matter of law, as the state is only required to provide criminal defendants legal counsel, not legal research materials.") (citation omitted). Further, under longstanding South Carolina case law, Plaintiff cannot file *pro se* motions (other than a motion to relieve counsel) in his pending criminal case. *State v. Stuckey*, 508 S.E.2d. 564 (S.C. 1998).

Additionally, Plaintiff's lack of access to the legal materials on the internet is not a constitutional violation. *Holloway v. Magness*, No. 5:07CV00088 JLH-BD, 2011 WL 204891, at *7 (E.D. Ark. Jan. 21, 2011) (First Amendment does not require "that the government provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation.").

The monitoring of prisoner phone calls by the Greenville County Detention Center is also not a constitutional violation. *Martinez v. Pettiford*, C.A. No. 8:07-1646-RBH-BHH, 2008 WL 867888 (D.S.C. March 24, 2008) (upholding federal prisoner's disciplinary proceeding where prisoner circumvented monitoring of inmate phone system by use of three-way call).

Plaintiff's Complaint which implicitly relies on minimum standards for detention facilities is misplaced because violations of recommended standards do not amount to a constitutional violation. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 n. 13 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 350 n.13 (1981) (recommendations by such organizations "may be helpful and relevant with respect to some questions, but 'they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question.'").

Lastly, Plaintiff lists Defendant Lottie Gibson as a member of "City Counsel," when in fact she is a member of Greenville *County* Counsel. As a result, she has legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities").

Accordingly, the Court adopts the Report and Recommendation by reference in this Order. Therefore, the case must be dismissed *without prejudice* and without service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 7, 2011
Charleston, South Carolina